## BURNS v. THE SPAIN.[1]

(*District Court, E. D. New York.*   March 14, 1884.)

COLLISION IN SLIP—CANAL-BOAT AND PROPELLER—CONTRADICTORY EVIDENCE.
    A canal-boat, lying in the same slip with a steam-ship, fouled the screw of
    the steam-ship and received injuries which caused her to sink.   On the part
    of the canal-boat it was alleged that the accident was due to the screw being
    put in motion before the steam-ship was unmoored, which created a current.
    The steam-ship denied that the screw had been put in motion, and claimed that
    the canal-boat had drifted with the tide against the screw.   *Held,* the testimony
    being contradictory, that the case did not present such a preponderance of ev-
    idence in favor of the libelant as to allow it to be held that he had proven his
    case, and the libel was dismissed, without costs.

In Admiralty.

*J. A. Hyland,* for libelant.

*John Chetwood,* for claimants.

BENEDICT, J.   The libelant's canal-boat, lying in the same slip with the steam-ship Spain, on the morning on which the steamer sailed, in May, 1882, fouled the screw of the steamer, and there received injuries which caused her to sink.   The charge of the libelant is that before the steam-ship was unmoored her screw was put in motion in the slip, without notice or warning to the boats in the slip, and thereby a current created which forced the libelant's boat upon the screw while in motion.   On the part of the steam-ship, it is averred that the screw of the steam-ship was not moved prior to the accident, but that the canal-boat, through negligence, drifted by the tide upon the screw, the same not being in motion, where she was injured by coming in contact with the screw at rest, and not by a blow from the screw in motion.   The testimony upon the point of the inquiry, namely, whether the screw of the steam-ship was in motion on the morning in question before the canal-boat got foul of the screw, contains contradictions that I have not been able to reconcile.   I am satisfied that there is misstatement or concealment on one side or the other, but the case does not present such a preponderance of evidence in favor of the libelant's account of the accident as will permit me to hold that he has proven his case.   I must therefore dismiss the libel. I give no costs.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar